## STATE *vs.* JOHN CONLAN.

*Criminal Law—Larceny—General Reputation—Good Character;*
*Evidence of—Reasonable Doubt.*

1.   Larceny defined.   What the State must prove.

2.   The evidence of general good character in a criminal prosecution must be confined to the trait of character in issue in the case, as general reputation for honesty and fair dealing in a prosecution for larceny.   The evidence of such good character is to be considered by the jury in connection with all the other relevant testimony in reaching their conclusion.

3.   General good character for honesty and fair dealing is proved by evidence of general reputation in that respect.   That is, by proof of what people in the neighborhood in which the accused dwells generally say of his conduct or character in regard to honesty and fair dealing.

4.   Reasonable doubt defined.

(*May 20, 1901.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*David J. Reinhardt* for defendant.

Court of General Sessions, New Castle County, May Term, 1901.

INDICTMENT FOR LARCENY (No. 9, May Term, 1901).

GRUBB, J., charging the jury :

Gentlemen of the jury :—John Conlan stands charged in this indictment with the larceny, in Brandywine Hundred, this county, of one turkey of the value of five dollars, lawful money of the United States of America, the property of Ida Whortenbury.

Larceny is the wrongful or fraudulent taking and carrying away of the personal property of another with intent to steal it ;

that is, with a felonious intent to convert it to the taker's own use without the consent of the owner thereof.

As under the very just and benign maxim of our law every accused person is presumed to be innocent until he is proven guilty beyond a reasonable doubt, the onus is upon the State in this case to prove to you, beyond a reasonable doubt, first that a turkey as described in this indictment was taken and carried away; that it was the property of Ida Whortenbury, as alleged in this indictment, and that it was taken away with the felonious intent to convert it to the taker's own use and make it his own property without the consent of Ida Whortenbury, and that such taker was John Conlan, the prisoner at the bar, and no other person. Because, if you should be satisfied that this larceny, as described in this indictment, had been committed, but by some other person than John Conlan, then you could not find him guilty.

We have been asked to instruct you in accordance with the recent decision of the Supreme Court of this State (*Daniels vs. State, 2 Pennewill, 586*) as to the rule for your guidance in considering evidence of general good character in a criminal case. In compliance with that prayer we say to you that the evidence of general good character in a criminal prosecution must be confined to the trait of character in issue in the case, as general reputation for honesty and fair dealing is in the present prosecution for larceny. The evidence of such good character is to be considered by the jury in connection with all other relevant testimony in the case in reaching their conclusion and rendering their verdict as to the guilt or innocence of the accused.

General good character for honesty and fair dealing is proved by evidence of general reputation in that respect. That is, by proof of what the people in the neighborhood in which the accused dwells generally say of his conduct or character in regard to honesty and fair dealing.

In conclusion, we deem it only necessary further to say to you that you must be satisfied beyond a reasonable doubt of the guilt

of the prisoner before you can render a verdict of guilty under this indictment.

By reasonable doubt is not meant a vague, fanciful, whimsical or even possible doubt of guilt, but such a doubt as naturally arises out of all the relevant evidence in the case before you, and such a doubt as may reasonably be entertained by men of ordinary intelligence, impartiality and judgment, after a careful and conscientious consideration of all such evidence.

With these remarks, we leave the case in your hands to render such verdict as under the law as we have given it to you, and under the evidence as it has been presented to you from this witness stand, you may deem right and proper.

Verdict, not guilty.